1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MANUEL F. MARQUES, | ) | |
| Plaintiff, | ) ) | 3:10-cv-00222-ECR-RAM |
| vs. | ) ) | **ORDER** |
| NDOC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.

**I. Application to Proceed *In Forma Pauperis* (Docket #1)**

Before the Court is plaintiff's application to proceed *in forma pauperis*. Based on the information concerning plaintiff's financial status, the Court finds that plaintiff is not able to pay an initial installment  payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

1   "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant

2   who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A.  Dismissal of a

3   complaint for failure to state a claim upon which relief may be granted is provided for in Federal

4   Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2)

5   when reviewing the adequacy of a complaint or amended complaint.

6         Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

7   *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

8   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

9   that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

10  making this determination, the Court takes as true all allegations of material fact stated in the

11  complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v.*

12  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

13  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

14  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica*

15  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

17  the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on

18  legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or

19  claims of infringement of a legal interest which clearly does not exist), as well as claims based on

20  fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.

21  319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22  **III.  The Instant Complaint**

23        Plaintiff names the Nevada Department of Corrections, High Desert State Prison, and

24  Dwight Neven as defendants to this action.  Plaintiff alleges that, in January of 2009, he was placed

25  in segregated housing at High Desert State Prison, and pursuant to prison regulations governing

26  property in segregated housing units, many items of his personal property were confiscated.  Plaintiff

1  alleges that when he was transferred to Nevada State Prison in May of 2009, his confiscated property
2  was lost by prison officials.

3       An authorized, intentional deprivation of property is actionable under the Due Process
4  Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush*
5  *Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized
6  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
7  *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir.
8  1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized
9  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably
10 related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Because
11 plaintiff alleges that the deprivation of personal property was carried out pursuant to a prison
12 regulation, this claim will be allowed to proceed against defendant Dwight Neven.

13      Defendants Nevada Department of Corrections (NDOC) and High Desert State
14 Prison, however, will be dismissed. States are not persons for purposes of § 1983 actions. *See*
15 *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State*
16 *Police*, 491 U.S. 58, 71 (1989). A governmental agency that is an arm of the state is also not a
17 person for purposes of  § 1983 actions. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). A state's
18 Department of Corrections is an arm of the state, and therefore cannot be sued in a § 1983 action for
19 damages. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, Eleventh Amendment
20 immunity bars § 1983 actions for damages against state agencies, as well as those where the state
21 itself is named as a defendant, and where state officials are sued in their official capacity. *P.R.*
22 *Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d
23 1040, 1045 (9th Cir. 1989). As such, defendants Nevada Department of Corrections (NDOC) and
24 High Desert State Prison are dismissed with prejudice.

25 **IV.  Conclusion**

26      **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

3

1  *pauperis* (Docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall **not**

2  be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due,

3  pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The

4  movant herein is permitted to maintain this action to conclusion without the necessity of prepayment

5  of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall

6  not extend to the issuance of subpoenas at government expense.

7            **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

8  Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the

9  Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits

10  to the account of **MANUEL F. MARQUES, #83504** (in months that the account exceeds $10.00)

11  until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order

12  to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of**

13  **Prisons,** P.O. Box 7011, Carson City, NV 89702.

14            **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

15  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

16  Prisoner Litigation Reform Act of 1996.

17            **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL FILE** the complaint

18  (Docket #1-1) in this action.

19            **IT IS FURTHER ORDERED** that defendants Nevada Department of Corrections

20  (NDOC) and High Desert State Prison are **DISMISSED WITH PREJUDICE.**

21            **IT IS FURTHER ORDERED** that complaint **SHALL PROCEED** against

22  **defendant Dwight Neven.**

23            **IT IS FURTHER ORDERED** as follows:

24            1.  The Clerk **shall electronically serve a copy of this order, including the attached Notice**

25  **of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the**

26  **Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.**

4

1    2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the

2  date of entry of this order whether it can accept service of process for the named defendants.  As to

3  any of the named defendants for which the Attorney General's Office cannot accept service, the

4  Office shall file, *under seal*, the last known address(es) of those defendant(s).

5    3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a

6  motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a

7  full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the

8  Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120)

9  days of the date the complaint was filed.

10    4. If the Attorney General accepts service of process for any named defendant(s), such

11  defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)**

12  **days** following the date of the early inmate mediation.  If the court declines to mediate this case, an

13  answer or other response shall be due within **thirty (30) days** following the order declining

14  mediation.

15    5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent

16  to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

17    Dated this __15__ day of October, 2010.

*Edward C. Reed*

UNITED STATES DISTRICT JUDGE

5

1

2

3

Name

4

Prison Number

5

Address

6

7

8                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
9

_____,   )   Case No. _____
10              Plaintiff,           )
                                     )
11   v.                              )   **NOTICE OF INTENT TO**
                                     )   **PROCEED WITH MEDIATION**
12   _____ )
                                     )
13   _____ )
                   Defendants.       )
14   _____ )

15       This case may be referred to the District of Nevada's early inmate mediation program.  The
     purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
16   which the parties meet with an impartial court-appointed mediator in an effort to bring about an
     expedient resolution that is satisfactory to all parties.
17
     1.   Do you wish to proceed to early mediation in this case? _____ Yes _____ No
18
     2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____
19
     _____
20
     _____
21
     _____
22
     3.   List any and all cases, including the case number, that plaintiff has filed in federal or state
23        court in the last five years and the nature of each case. (Attach additional pages if needed).
24   _____

25   _____

26   _____

6

4.  List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 20____ .

_____
Signature

_____
Name of person who prepared or
helped prepare this document